

JUSTICE MANUAL

Title 9: Criminal

# 9-10.000 - Capital Crimes

| | |
|---|---|
| 9-10.010 | Federal Prosecutions in Which the Death Penalty May be Sought |
| 9-10.020 | Relevant Statutory Provisions |
| 9-10.030 | Purposes of the Capital Case Review Process |
| 9-10.040 | Consultation with the Capital Case Section |
| 9-10.050 | Confidentiality of Process |
| 9-10.060 | Mandatory Pre-indictment Review |
| 9-10.070 | Expedited Decision Submissions |
| 9-10.080 | Non-expedited Decision Submissions |
| 9-10.090 | Special Findings in Indictments |
| 9-10.100 | Consultation with the Family of the Victim |
| 9-10.120 | Conditional Plea Agreements |
| 9-10.130 | Capital Review Committee |
| 9-10.140 | Standards for Determination |
| 9-10.150 | Post-Decision Actions |
| 9-10.160 | Withdrawal of the Notice of Intention to Seek the Death Penalty |
| 9-10.170 | Approval Required for Judicial Sentencing Determination |
| 9-10.180 | Reporting Requirements |
| 9-10.190 | Direct Appeal and Post-Conviction Proceedings |
| 9-10.200 | Post-Exhaustion Procedures |
| 9-10.210 | Execution Scheduling |
| 9-10.220 | Forms and Procedures |
| 9-10.230 | Exceptions for the Proper Administration of Justice |

**Exhibit B**

## 9-10.010 - Federal Prosecutions in Which the Death Penalty May be Sought

This Chapter sets forth the policies and procedures for all Federal cases in which a defendant is charged, or could be charged, with an offense subject to the death penalty. The provisions in this Chapter apply regardless of whether the United States Attorney or Assistant Attorney General intends to charge the offense subject to the death penalty or to request authorization to seek the death penalty for such an offense. The provisions in this Chapter are effective April 7, 2014, and they apply to any current or future investigations and indicted cases.

[updated April 2014]

## 9-10.020 - Relevant Statutory Provisions

Federal death penalty procedure is based on the Federal Death Penalty Act of 1994, codified at 18 U.S.C. §§ 3591 to 3599.

The death penalty procedures introduced by the Anti-Drug Abuse Act of 1988, codified in Title 21, were repealed on March 6, 2006, when President Bush signed the USA PATRIOT Improvement and Reauthorization Act of 2005. A district indicting a Title 21 capital offense, *see* 21 U.S.C. § 848, that occurred before March 6, 2006, should consult with the Capital Case Section of the Criminal Division (hereinafter the "Capital Case Section") regarding indictment and procedure.

[updated April 2014]

## 9-10.030 - Purposes of the Capital Case Review Process

The review of cases under this Chapter culminates in a decision to seek, or not to seek, the death penalty against an individual defendant. Each such decision must be based upon the facts and law applicable to the case and be set within a framework of consistent and even-handed national application of Federal capital sentencing laws.  Fairness requires all reviewers to evaluate each case on its own merits and on its own terms. As with all other actions taken in the course of Federal prosecutions, arbitrary or impermissible factors — such as bias for or against an individual based upon characteristics such as race, ethnicity, or religion — will not inform any stage of the decision-making process.  The overriding goal of the review process is to allow proper individualized consideration of the appropriate factors relevant to each case.

National consistency requires treating similar cases similarly when the only material difference is the location of the crime. Reviewers in each district are understandably most familiar with local norms and practice in their district and State, but reviewers must also take care to contextualize a given case within national norms and practice. For this reason, the multi-tier process used to make determinations in this Chapter is carefully designed to provide reviewers with access to the national decision-making context, and thereby, to reduce disparities across districts.

[updated January 2023]

## 9-10.040 - Consultation With the Capital Case Section

Prior to seeking an indictment for an offense potentially punishable by death, the United States Attorney or Assistant Attorney General shall consult with the Capital Case Section. This consultation will help streamline the process of preparing submissions made pursuant to this Chapter, ensure that charging documents are crafted in accordance with applicable legal and policy requirements, and help ensure that applicable deadlines are met. In the event the Attorney General determines the death penalty will be sought in a particular case, the Capital Case Section can provide valuable litigation advice and support, as well as trial assistance.

[updated April 2014]

## 9-10.050 - Confidentiality of Process

Except as otherwise provided herein (see JM 9-10.160(B)), the Attorney General will make the final decision whether to seek the death penalty. The Attorney General will convey the final decision to the United States Attorney or Assistant Attorney General in a letter directing him or her to seek or not to seek the death penalty.

The decision-making process preliminary to the Department's final decision is confidential. Information concerning the deliberative process may only be disclosed within the Department and its investigative agencies as necessary to assist the review and decision making process. This confidentiality requirement does not extend to the fact that the case has been submitted for expedited decision pursuant to JM 9-10.070, the disclosure of scheduling matters or the level at which the decision is pending within the Department during the review process. The scope of confidentiality includes, but is not limited to: (1) the recommendations of the United States Attorney's Office or Department component, the Attorney General's Review Committee on Capital Cases (hereinafter the "Capital Review Committee"), the Deputy Attorney General, the Capital Case Section, and any other individual or office involved in reviewing the case; (2) a request by a United States Attorney or Assistant Attorney General that the Attorney General authorize withdrawal of a previously filed notice of intent to seek the death penalty; (3) a request by a United States Attorney or Assistant Attorney General that the Attorney General authorize not seeking the death penalty pursuant to the terms of a proposed plea agreement; and (4) the views held by anyone at any level of review within the Department.

In no event may the information identified in this paragraph be disclosed outside the Department and its investigative agencies without prior approval of the Attorney General. The United States Attorneys and Assistant Attorneys General may exercise their discretion, however, to place additional limits on the scope of confidentiality in capital cases prosecuted by their offices.

[updated January 2023]

## 9-10.060 - Mandatory Pre-indictment Review

Absent extenuating circumstances, prior to seeking an indictment charging a capital-eligible offense, the United States Attorney or Assistant Attorney General shall submit the case for review pursuant to the provisions of this Chapter. Extenuating circumstances may include, for example, a need to present capital-eligible charges to comply with the Speedy Trial Act, to address public safety concerns, or a need to collect and/or analyze additional information necessary to determine whether to recommend seeking the death penalty.

In the event that a United States Attorney or Assistant Attorney General determines that extenuating circumstances exist such that mandatory pre-indictment review is not feasible, or in the event that extenuating circumstances require the return of an indictment in a case in which a United States Attorney or Assistant Attorney General submitted the case for preindictment review but the review has not been completed, the United States Attorney or Assistant Attorney General shall submit, prior to seeking the indictment, a notice to the Capital Case Section describing the extenuating circumstances that necessitate the return of the indictment before the pre-indictment review process can be initiated or completed. In addition, in cases in which the United States Attorney or Assistant Attorney General has not submitted the case for pre-indictment review, the notice described in the preceding sentence must provide an estimated date by which the case will be submitted for capital review. The form for this notice is available to Department attorneys on the Capital Case Section site on DOJNet. Every 45 days after an initial notice is submitted pursuant to this paragraph, the United States Attorney or Assistant Attorney General shall submit to the Capital Case Section an updated notice setting forth (1) the extenuating circumstances that continue to justify not submitting the case for review, (2) the progress made toward a submission, and (3) the estimated date by which the case will be submitted for capital review.

In all events, the United States Attorney or Assistant Attorney General must submit a capital-eligible case for review no fewer than 90 days before the Government is required, by an order of the court, to file a notice that it intends to seek the death penalty. In the absence of a court-established deadline for the Attorney General's death penalty decision, the United States Attorney or Assistant Attorney General must make the submission sufficiently in advance of trial to allow for both the 90-day time period typically needed for the nonexpedited decision process plus any additional time necessary to ensure that a notice of intent to seek the death penalty is timely filed under 18 U.S.C. § 3593(a). If a case is not submitted 90 days in advance of a deadline for the Attorney General's decision or 150 days in advance of a scheduled trial date, the prosecution memorandum shall include an explanation of why the submission is untimely.

[updated January 2020] [cited in JM 9-10.180]

## 9-10.070 - Expedited Decision Submissions

A. Many cases will qualify for expedited decision as to whether to seek the death penalty, and can often be decided pre-indictment. Whether submitted pre-indictment, or post-indictment on account of extenuating circumstances, cases qualifying for expedited decision include:

   (1) cases in which, but for the use of proffer protected evidence, the government's evidence is insufficient to charge the defendant with a capital-eligible offense;

   (2) cases in which the defendant is ineligible for the death penalty because the evidence is clearly insufficient to establish the requisite intent under 18 U.S.C. § 3591 or an applicable statutory aggravating factor under 18 U.S.C. § 3592(b)-(d);

   (3) cases that involve the extradition of a defendant or crucial witness from a country that, as a pre-condition to extradition, requires assurances that the death penalty will not be sought for the defendant or the evidence obtained from the witness will not be used to seek the death penalty;

   (4) cases that involve a potential cooperator whose testimony is necessary to prosecute remaining offenders; and

   (5) any other case where the United States Attorney or Assistant Attorney General is able to recommend the death penalty not be sought without first receiving input from defense counsel.

   A copy of the summary form to be used for submission of expedited decision cases is available to Department attorneys at the Capital Case Section site on DOJNet.

B. The submission for expedited decision cases in categories A(1) through (3) should provide a description of the relevant facts of the case, the defendant's criminal history, the federal interest in prosecuting the case, the rationale for why the death penalty should not be sought, and any applicable deadline for decision. The submission also should describe the basis upon which the case qualifies for expedited decision. For cases in categories A(1) and (2), the submission should include a discussion regarding whether expedited decision is appropriate in light of any potentially admissible evidence that might be marshaled to establish guilt and/or the existence of a threshold intent or statutory aggravating factor. All submissions for expedited decision cases in categories A(1) through (3) should also include the sealed non-decisional information form described in JM 9-10.080(C). Submissions in these categories will be referred to the Chief of the Capital Case Section for assessment of whether the case meets the requirements for expedited decision. If the Chief determines that the case meets the A(1) –(3) criteria, the Chief will notify the U.S. Attorney that the Department's decision is not to seek the death penalty. If the Chief determines the case does not meet the A(1)-(3) criteria, the case will be transmitted expeditiously to the Capital Review Committee for review as described in JM 9-10.130.

C. Submissions for expedited decision cases in categories A(4) and A(5) should be in the form of the prosecution memorandum described in JM 9-10.080(A), and also should include the sealed non-decisional information form described in JM 9-10.080(C). Submissions in categories A(4) and A(5) should be marked as "Expedited Decision" cases and will be reviewed expeditiously by the Capital Review Committee.

[updated January 2023] [cited in JM 9-10.050; 9-10.080; 9-10.120; 9-10.130]

## 9-10.080 - Non-expedited Decision Submissions

In any case in which the United States Attorney or Assistant Attorney General is contemplating requesting authorization to seek the death penalty or otherwise believes it would be useful to the decision-making process to receive a submission from defense counsel, the United States Attorney or Assistant Attorney General shall give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty.

After the conclusion of a reasonable period of time, the United States Attorney or Assistant Attorney General shall submit to the Assistant Attorney General for the Criminal Division through the Capital Case Section his or her recommendation whether to seek

the death penalty, along with the materials described below. Once a submission has been received, the review process will proceed in accordance with JM 9-10.130. The contents of a non-expedited decision submission or an expedited decision submission under JM 9-10.070(A)(4) or (5) shall include the following:

A. <u>Prosecution memorandum</u>. This should be sufficiently detailed to fully inform reviewers of the basis for the United States Attorney's or Assistant Attorney General's recommendation. The prosecution memorandum should include:

   (1) Deadlines. Any deadline established by the Court for the filing of a notice of intent to seek the death penalty, trial dates, or other time considerations that could affect the timing of the review process should be noted on the first page of the memorandum.

   (2) A narrative delineation of the facts and separate delineation of the supporting evidence. Where necessary for accuracy, a chart of the evidence by offense and offender should be appended.

   (3) Discussion of relevant prosecutorial considerations.

   (4) Discussion of the federal interest in bringing federal charges, as well as in bringing federal capital charges. The analysis should include a discussion of the standards for determination as set forth in JM 9-10.140. In conducting the death penalty analysis, the memorandum must identify applicable threshold intent factors under 18 U.S.C. § 3591, applicable statutory aggravating factors under 18 U.S.C. §§ 3592(b)-(d), and applicable mitigating factors under 18 U.S.C. § 3592(a). In addition, the United States Attorney or Assistant Attorney General should include his or her conclusion on whether all the aggravating factor(s) found to exist sufficiently outweigh all the mitigating factor(s) found to exist to justify a sentence of death, or in the absence of mitigating factors, whether the aggravating factor(s) alone are sufficient to justify a sentence of death.

   (5) Background and criminal record of the capital-eligible defendants.

   (6) Background and criminal record of the victim.

   (7) Victim impact. Views of the victim's family on seeking the death penalty and other victim impact evidence should be provided.

   (8) Foreign citizenship. The memorandum should include a discussion on whether the requirements of the Vienna Convention on Consular Relations have been satisfied (*see* JM 9-2.173 and Fed. R. Crim. Pro. 5(d)(1)(F) regarding consular notification when foreign nationals are arrested).

   (9) Recommendation of the United States Attorney or Assistant Attorney General on whether the death penalty should be sought, and a description of the process used by the U.S. Attorney's Office or Main Justice component for reviewing and arriving at the death penalty recommendation (*i.e.*, chain of supervisory review employed or use of a capital committee).

B. <u>Death-penalty evaluation form</u>. The Department will specify a standardized death penalty evaluation form, which should be completed by the United States Attorney or Assistant Attorney General for each capital-eligible offense charged against each defendant.

C. <u>Non-decisional information form</u>. This form should be submitted in a sealed envelope clearly labeled as containing the non-decisional information.

D. <u>Indictment</u>. Copies of all existing and proposed indictments and superseding indictments should be attached. As described in JM 9-10.090, the indictments should include the special findings necessary for the death penalty to be authorized by statute.

E. <u>Draft notice of intention to seek the death penalty</u>. This document is to be included in the submission only if the United States Attorney or Assistant Attorney General recommends seeking the death penalty.

F. <u>Materials provided by defense counsel</u>. Any documents or materials provided by defense counsel to the United States Attorney or Assistant Attorney General in the course of the United States Attorney's Office's or Department component's death penalty review process should be provided. These materials should not be solicited or submitted in cases presented pursuant to JM 9-10.070.

G. <u>Point-of-contact</u>. The name of the assigned attorney in the United States Attorney's Office or Department component who is responsible for communicating with the Capital Case Section about the case should be provided.

H. <u>Relevant court decisions</u>. The first page of the memorandum should highlight court orders and deadlines. The point-of-contact in the United States Attorney's Office or Department component is under a continuing obligation to update the Capital Case Section about developments or changes in court scheduling or any other material aspect of the case.

The prosecution memoranda, death penalty evaluation forms, non-decisional information forms and any other internal memoranda informing the review process and the Department's decision are not subject to discovery by the defendant or the defendant's attorney. *See* Fed. R. Crim. P. 16(a)(2).

[updated January 2023] [cited in JM 9-10.070]

## 9-10.090 - Special Findings in Indictments

When a case has gone through DOJ review and a decision has been made not to seek the death penalty before the return of an indictment charging capital-eligible offenses, the indictment need not contain allegations of special findings concerning relevant facts and factors specified in 18 U.S.C. §§ 3591(a)(2) and 3592(b), (c), or (d). For all other charged offenses subject to the provisions of this Chapter, regardless of whether the United States Attorney or Assistant Attorney General ultimately recommends that the Attorney General authorize seeking the death penalty for the charged offense, the indictment shall allege as special findings: (1) that the defendant is over the age of 18; (2) the existence of the threshold intent factors specified in 18 U.S.C. § 3591(a)(2); and (3) the existence of the statutory aggravating factors specified in, as relevant, 18 U.S.C. §§ 3592(b), (c), or (d).

The indictment shall allege threshold intent and statutory aggravating factors that meet the criteria for commencing prosecution as set forth in [JM 9-27.200](JM 9-27.200) and [9-27.220](9-27.220). Prosecuting Assistant United States Attorneys or Department trial attorneys are encouraged to consult with the Capital Case Section regarding the inclusion of special findings in the indictment. The Chief of the Capital Case Section may approve exceptions to this rule based on a request from a supervisory attorney in a U.S. Attorney's Office, at least at the level of the Criminal Chief, and in a Department component, at least at the level of a Section Chief.

[updated January 2023] [cited in [JM 9-10.080](JM 9-10.080)]

## 9-10.100 - Consultation with the Family of the Victim

Unless extenuating circumstances exist, the United States Attorney or Assistant Attorney General should consult with the family of the victim, if reasonably available, concerning the decision on whether to seek the death penalty. The United States Attorney or Assistant Attorney General should include the views of the victim's family concerning the death penalty in any submission made to the Department. The United States Attorney or Assistant Attorney General should notify the family of the victim of all final decisions regarding the death penalty. This consultation should occur in addition to notifying victims of their rights under 18 U.S.C. § 3771.

[updated April 2014]

## 9-10.120 - Conditional Plea Agreements

The death penalty may not be sought, and no attorney for the Government may threaten to seek it, solely for the purpose of obtaining a more desirable negotiating position. Prior to receiving a 'no seek' decision from the Department, the United States Attorney or Assistant Attorney General may not enter into a binding plea agreement that precludes the United States from seeking the death penalty with respect to any defendant falling within the scope of this Chapter.

The United States Attorney or Assistant Attorney General, however, may agree to submit for the Department's review and possible approval, a plea agreement relating to a capital-eligible offense or conduct that could be charged as a capital-eligible offense. At all times, the United States Attorney or Assistant Attorney General must make clear to all parties that the conditional plea does not represent a binding agreement, but is conditioned on the authorization of the Department. The United States Attorney or Assistant Attorney General should not inform the defendant, court, or public of whether he or she recommends authorization of the plea agreement.

For proposed plea agreements that precede a decision by the Department to seek or not to seek the death penalty, the United States Attorney or Assistant Attorney General should send a request for approval to the Assistant Attorney General for the Criminal Division through the Capital Case Section as early as possible. Absent unavoidable circumstances, the United States Attorney or Assistant Attorney General must send the request no later than 90 days prior to the date on which the Government would be required, by an order of the court or by the requirements of 18 U.S.C. § 3593(a), to file a notice that it intends to seek the death penalty. (Proposed plea agreements that would require withdrawing a previously filed notice of intent to seek the death penalty should follow the procedures described in [JM 9-10.160](JM 9-10.160)).

Unless a potential capital defendant's testimony is necessary to indict the remaining offenders or other circumstances warrant separate consideration (see [JM 9-10.070](JM 9-10.070)), review of the case against a prospective cooperator should occur simultaneously with

the review of the cases against the remaining offenders who would be indicted for the offenses at issue. In submissions in support of requests for approval of plea agreements under this section, the prosecution memorandum must include an explanation of why the plea agreement is an appropriate disposition of the charges, a death penalty evaluation form for each capital-eligible offense that has been or could be charged against the prospective cooperator, and a non-decisional information form. The Capital Review Committee will review requests for authorization to enter into a plea agreement under this subsection and, if a submission from defense counsel is not included with the submission, may request such a submission and schedule the case for a Committee conference.

In cases in which the United States Attorney or Assistant Attorney General recommends not to seek the death penalty, plea agreements can be finalized 30 days after the case is submitted to CCS or upon notice from CCS that the Committee made its no-seek decision, whichever occurs first, unless three or more Committee members have voted for a conference with defense counsel. If the latter has occurred, a plea agreement can be finalized after the conference unless three Committee members vote to recommend seeking the death penalty, in which case any plea agreement must be authorized by the Attorney General. If fewer than three Committee members vote to recommend seeking the death penalty, then a plea agreement does not need to be authorized by the Attorney General.

See [JM Chapter 9-16.000](#) for more information on the topic of pleas and plea agreements.

[updated January 2023]

## 9-10.130 - Capital Review Committee

The Capital Review Committee is composed of attorneys from the Office of the Deputy Attorney General and the Office of the Assistant Attorney General for the Criminal Division (AAG CRM), and at-large prosecutors from the United States Attorneys' Offices and other Department components. The AAG CRM may fill at-large Committee member positions with prosecutors who will serve for renewable, limited terms of two years.

A.  No Seek Recommendations by United States Attorney or Assistant Attorney General.

   In any case in which the United States Attorney or Assistant Attorney General recommends not to seek the death penalty, the Capital Review Committee will review the case within 30 days of its submission to the Capital Case Section (CCS). When two or more Committee members agree with the no-seek recommendation, the Committee's vote will constitute the Department's decision not to seek the death penalty. In cases in which three or more Committee members vote, within 30 days of submission, for a conference with counsel, the vote after the meeting will control the path taken by the case. If, after the conference, three or more Committee members recommend seeking the death penalty, the provisions (set forth below) for review by the Office of the Deputy Attorney General and decision by the Attorney General will apply. If, instead, after the conference, two or more Committee members concur with the recommendation not to seek the death penalty, the Committee's vote constitutes the Department's no-seek decision, and CCS will so notify the U.S. Attorney. If the Capital Review Committee requests additional information from the United States Attorney or Assistant Attorney General after receiving the no-seek recommendation, the time between the Committee's request and the United States Attorney's or the Assistant Attorney General's response will not count toward the 30-day review period. (If the prosecuting component does not receive notice of the Committee's decision within the initial 30 days of submission, and additional information has not been requested, the prosecuting office should contact CCS.)

   For no-seek recommendations submitted to CCS, the United States Attorney or relevant Department component head is authorized to advise the court and opposing counsel of the decision not to seek the death penalty thirty days from the date of submission to CCS (after contacting CCS if the prosecuting component has not received notice of the Committee's decision within the initial 30 days of submission) or at the time CCS informs the United States Attorney or Department component of the Committee's no-seek vote, whichever occurs sooner, unless three or more Committee members vote for a conference about the case within those thirty days.

B.  Recommendations to Seek; Capital Review Committee Votes for Conferences.

   In any case in which (1) the United States Attorney or Assistant Attorney General recommends that the Attorney General authorize seeking the death penalty, or (2) three or more members of the Capital Review Committee request a Committee conference after the Capital Review Committee has conferred in person or by teleconference, a Capital Case Section attorney will confer with representatives of the United States Attorney's Office or Department component to establish a date and time for the Capital Review Committee to meet with defense counsel and representatives of the United States

Attorney's Office or Department component to consider the case.

A request by three or more Committee members for a conference removes a case from the "expedited decision" process (see JM 9-10.070), and the submitting office may seek an indictment before the review is completed. No final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation.

The Capital Review Committee shall review the materials submitted by the United States Attorney or Assistant Attorney General and any materials submitted by defense counsel. The Capital Review Committee will consider all information presented to it, including any allegation of individual or systemic racial bias in the Federal administration of the death penalty.

If the Committee's recommendation differs from that of the United States Attorney or Assistant Attorney General, the United States Attorney or Assistant Attorney General shall be provided with a copy of the Committee's recommendation memorandum when it is transmitted to the Deputy Attorney General. The United States Attorney or Assistant Attorney General may respond to the Committee's analysis in a memorandum directed to the Deputy Attorney General. The Deputy Attorney General will then make a recommendation to the Attorney General. The Attorney General will make the final decision whether the Government should file a notice of intent to seek the death penalty.

[updated January 2023] [cited in JM 9-10.070; 9-10.080]

## 9-10.140 - Standards for Determination

A determination to pursue a capital prosecution is among the most momentous decisions prosecutors must make. Capital cases involve the severest form of punishment available under the law and have profound consequences for the accused and the victims' families. They are also resource intensive for prosecution offices, defense counsel, and the courts. For these reasons, a request for authorization to seek the death penalty must be based on a thorough, careful consideration of (1) whether a substantial federal interest justifies charging a federal capital crime in the first instance; (2) when a capital crime is charged, whether the applicable aggravating factors sufficiently outweigh the mitigating factors to justify a sentence of death; and (3) legitimate law enforcement and prosecutorial considerations weighing for or against a capital prosecution.

A. <u>Substantial Federal Interest.</u>  The principles of federal prosecution (JM 9-27.000, *et seq*.), which guide the determination whether to initiate federal charges in all cases, have special force in potential capital prosecutions due to the severity of the possible sentence and the significant resources required to prosecute such cases. Prior to charging a capital offense, prosecutors must: (1) carefully assess whether an accused is subject to effective prosecution in another jurisdiction (JM 9-27.240) (for this purpose, the legal unavailability of capital punishment in the state where the crime was committed should not form the basis for concluding the state cannot effectively prosecute the case); and (2) thoroughly review the substantial federal interest principles outlined at JM 9-27.230 and the dual and successive prosecution policies ("*Petite* policy") outlined at JM 9-2.031, and be able to articulate in submissions to the Department what specific federal interests justify the charge(s). Priority should be given to crimes causing the most harm to the nation, including through widespread impact to the community.

B. <u>Sentencing Factors.</u>  In determining whether to request authorization to seek the death penalty, prosecutors should consider all applicable statutory and non-statutory aggravating factors, statutory and non-statutory mitigating factors, and any legitimate law enforcement or prosecutorial reason weighing for or against seeking the death penalty.

Prosecutors should engage in a qualitative, not quantitative, weighing of aggravating factors that can be proven beyond a reasonable doubt against any mitigating factors that can be proven by a preponderance of the evidence, and determine whether the aggravating factors sufficiently outweigh the mitigating factors to justify a death sentence. Ambiguities as to the presence or strength of aggravating or mitigating factors should be resolved in favor of the defendant.

1. <u>Statutory Aggravating Factors</u>.  The Federal Death Penalty Act, 18 U.S.C. § 3591, *et seq*., sets forth the statutory aggravating factors that prosecutors must consider in determining: (1) whether a case is legally eligible for capital punishment (*i.e.*, proof beyond a reasonable doubt of at least one of sixteen enumerated aggravators); and (2) whether a case is appropriate for

capital punishment. Prosecutors should examine the statute for the full language and explanation for each aggravator, but the list of the sixteen statutory aggravators are as follows (18 U.S.C. § 3592(c)(1)-(16)):

   i. Death during commission of another crime.

   ii. Previous conviction of violent felony involving firearm.

   iii. Previous conviction of offense for which a sentence of death or life imprisonment was authorized.

   iv. Previous conviction of other serious offenses.

   v. Grave risk of death to additional persons.

   vi. Heinous, cruel, or depraved manner of committing offense.

   vii. Procurement of offense by payment.

   viii. Pecuniary gain.

   ix. Substantial planning and premeditation.

   x. Conviction for two felony drug offenses.

   xi. Vulnerability of victim.

   xii. Conviction for serious Federal drug offenses.

   xiii. Continuing criminal enterprise involving drug sales to minors.

   xiv. Killing of high public officials, including federal law enforcement officers.

   xv. Prior conviction of sexual assault or child molestation.

   xvi. Multiple killings or attempted killings.

2. <u>Non-statutory Aggravating Factors.</u> If at least one of the sixteen statutory aggravating factors listed in 18 U.S.C. § 3592(c) is provable beyond a reasonable doubt, prosecutors should consider whether any non-statutory aggravating factors exist. Examples include, but are not limited to:

   i. Killing of state/local law enforcement officers;

   ii. Killing of witnesses or cooperators to obstruct justice;Killings motivated by the actual or perceived race, color, religion, national origin, gender, sexual orientation, gender identity, or disability of the victim;

   iii. Whether a defendant engaged in criminal activity for which he has not been held responsible;

   iv. Whether a defendant poses a risk of future dangerousness, particularly while imprisoned; and

   v. Impact of the crime to the victim and the victim's family/friends/colleagues.

3. <u>Mitigating Factors.</u> A determination whether to recommend a capital prosecution also requires consideration of all relevant mitigating factors. Again, prosecutors should consult the Federal Death Penalty Act, at 18 U.S.C. § 3592(a)(1)-(8), for the full relevant language but the list of the statutory mitigating factors is as follows:

   i. Impaired capacity.

   ii. Duress.

      iii. Minor participation.

      iv. Equally culpable defendants.

      v. No prior criminal record.

      vi. Severe mental or emotional disturbance.

      vii. Victim's consent.

      viii. Other factors

The "Other factors" subsection includes several relevant factors weighing against seeking capital punishment, which are sometimes referred to as "non-statutory mitigation." Examples include, but are not limited to:

i. Defendants with intellectual limitations not rising to the criteria for an intellectual disability diagnosis (intellectual disability renders a defendant ineligible for capital punishment);

ii. Defendants with documented severe mental illness;

iii. Defendants with limited criminal history;

iv. Defendants who suffered particularly damaging childhoods;

v. Youthful defendants;

vi. Defendants who demonstrate an ability to be incarcerated without posing an undue threat to prison staff and other inmates; and

vii. Defendants who have accepted responsibility as demonstrated by a willingness to plead guilty and accept a non-death sentence, proportional to the crime committed.

  C. <u>Law Enforcement and Prosecutorial Considerations.</u>  Prosecutors should also consider any legitimate law enforcement or prosecutorial reason weighing for or against pursuing capital punishment. Examples include, but are not limited to:

    A. The strength and nature of the evidence;

    B. Whether the victim engaged in criminal activity that was a relevant circumstance of the offense;

    C. Whether the defendant is already serving a substantial sentence such that an additional sentence of incarceration would have little punitive effect;

    D. Whether and to what extent seeking a capital sentence in a given case will adversely affect the United States' efforts to prosecute related or similar crimes; and

    E. In evaluating whether capital punishment should be pursued, particular consideration should be given to cases involving the most harm to the nation, including through widespread impact to the community.

[updated January 2023] [cited in JM 9-10.080]

# 9-10.150 - Post-Decision Actions

In any case in which the Attorney General has directed the filing of a notice of intention to seek the death penalty, the United States Attorney or Assistant Attorney General shall not file or amend the notice until the Capital Case Section has approved the notice or the proposed amendment. The notice of intention to seek the death penalty shall be filed as soon as possible after transmission of the Attorney General's decision to seek the death penalty.

The United States Attorney or Assistant Attorney General should promptly inform the district court and counsel for the defendant

once the Department has made the final decision. Expeditious communication is necessary so that the court is aware, in cases in which the Department has decided not to seek the death penalty, that appointment of counsel under 18 U.S.C. § 3005 is not required or is no longer required. In cases in which the Attorney General directs the United States Attorney or Assistant Attorney General to seek the death penalty, the district court and defense counsel should be given as much opportunity as possible to make proper scheduling decisions.

[updated January 2023]

## 9-10.160 - Withdrawal of the Notice of Intention to Seek the Death Penalty

A. Request by a United States Attorney or Assistant Attorney General

   Once the Attorney General has directed a United States Attorney or Assistant Attorney General to seek the death penalty, the United States Attorney may not withdraw a notice of intention to seek the death penalty filed with the district court unless directed by the Attorney General.

   If a United States Attorney or Assistant Attorney General wishes to withdraw the notice based on an assessment that a seek determination is no longer appropriate, the United States Attorney or Assistant Attorney General shall advise the Assistant Attorney General for the Criminal Division through the Capital Case Section of the reasons for that request. In doing so, the United States Attorney or Assistant Attorney General shall address whether and to what extent there have been material changes in the facts and circumstances of the case from those that existed at the time of the initial determination.

   Upon receipt of such a request, the Capital Case Section will seek review of the request by the Capital Review Committee. To the extent possible, the Capital Review Committee should include the members who originally considered the case. Reviewers should evaluate the withdrawal request under the principles set forth in Sections 9-10.030 and 9-10.140, and should consider whether facts and circumstances are present that make it no longer appropriate to seek the death penalty in light of the principles. Although information or arguments that were advanced initially are not normally compelling bases for withdrawal requests, reviewers should consider all necessary information to ensure every defendant is given the individualized consideration needed for full review and appropriate decision-making.

   The Capital Review Committee will make a recommendation to the Attorney General through the Deputy Attorney General on whether the notice of intent to seek the death penalty should be withdrawn.

B. Request by a defendant

   Any request by a defendant for withdrawal of a notice of intention to seek the death penalty should be submitted in the first instance to the United States Attorney or Assistant Attorney General responsible for the prosecution. If the United States Attorney or Assistant Attorney General concurs in the request, then he or she should follow the procedures in Section A above. Otherwise, the United States Attorney or Assistant Attorney General should submit the defendant's request along with a brief memorandum outlining the reasons why the United States Attorney or Assistant Attorney General opposes the request to the Assistant Attorney General for the Criminal Division through the Capital Case Section. Ordinarily, the Department will disfavor successive defense requests to withdraw the notice of intention to seek the death penalty. Defense counsel should ensure that all information relevant to the Department's decision-making process is included in the initial submission.  In any subsequent submission, counsel must justify the omission of information possessed at the time of an earlier request for withdrawal.

   Upon receipt of such a request, the Capital Case Section will seek review of the request by the Capital Review Committee. To the extent possible, the Capital Review Committee should include the members who originally considered the case. Reviewers should evaluate the withdrawal request under the principles used to make an initial determination set forth in Sections 9-10.030 and 9-10.140, and focus the evaluation on determining if changed facts and circumstances make it no longer appropriate to seek the death penalty. For this reason, information or arguments that had been advanced initially are not normally appropriate bases for withdrawal requests. In all cases, however, reviewers should consider all necessary information to ensure every defendant is given the individualized consideration needed for full review and appropriate decision-making.

If the Capital Review Committee unanimously disagrees with the defendant's request to withdraw the notice of intention to seek the death penalty, the Assistant Attorney General for the Criminal Division will inform the United States Attorney or Assistant Attorney General that the request has been denied. If one or more members of the Capital Review Committee recommend withdrawing the notice of intention to seek the death penalty, then the Capital Review Committee will convey the matter, along with the Committee's analysis, to the Attorney General, through the Deputy Attorney General, for decision.

The Attorney General shall make the final decision on whether to direct the withdrawal of a notice of intention to seek the death penalty upon any request made or endorsed by the United States Attorney or Assistant Attorney General. Until such a decision is made, the United States Attorney or Assistant Attorney General should proceed with the case as initially directed by the Attorney General. The fact that a withdrawal request has been made is confidential and may not be disclosed to any party outside the Department of Justice and its investigative agencies.

[updated January 2023] [cited in JM 9-10.050; 9-10.120]

## 9-10.170 - Approval Required For Judicial Sentencing Determination

In cases in which the Attorney General has authorized seeking the death penalty, the United States Attorney or Assistant Attorney General must obtain the approval of the Assistant Attorney General for the Criminal Division before agreeing to a request by the defendant pursuant to 18 U.S.C. § 3593(b)(3) for the sentence to be determined by the trial court rather than a jury. Any request pursuant to this provision shall be submitted to the Assistant Attorney General for the Criminal Division through the Capital Case Section.

[updated April 2014]

## 9-10.180 - Reporting Requirements

Each United States Attorney's Office or Department component must identify a point-of-contact who will be responsible for ensuring compliance with the following reporting requirements. The Capital Case Section must be immediately notified when:

A. A capital offense is charged or when an indictment is obtained pertaining to conduct that could be, but has not been, charged as a capital offense. The point-of-contact must immediately provide the Section with a copy of the indictment and case number. In the event the indictment is obtained prior to submitting the case for review pursuant to the provisions of this Chapter, the United States Attorney or Assistant Attorney General shall comply with the notification requirements of JM 9-10.060.
B. A deadline for filing a notice of intent to seek the death penalty or a trial date is established or modified.
C. There are any developments that could affect the ability to file a notice of intent to seek the death penalty sufficiently in advance of trial to allow the defense and prosecution to prepare for a capital punishment hearing.
D. A verdict and sentence are reached in a case in which the Attorney General has directed seeking the death penalty.

The victim's family must be notified of all final decisions regarding the death penalty.

[updated April 2014]

## 9-10.190 - Direct Appeal and Post-Conviction Proceedings

After a court has imposed a sentence of death, all components involved in defending the conviction(s) and sentence(s), including the direct appeal and collateral challenges, shall be guided by the objective of ensuring the just resolution of such proceedings.

A. <u>Point of Contact.</u> The United States Attorney's Office in the district of conviction must designate a point-of-contact

who will be responsible for post-conviction and post-sentence proceedings, including the direct appeal and collateral challenges.

(1) The attorney must notify the Capital Case Section of their designation as the point-of-contact, and the Capital Case Section must provide the attorney with a corresponding point-of-contact for ongoing coordination.

(2) The attorney must maintain familiarity with the record, including by ensuring that its integrity and accessibility are maintained, and the procedural posture of all proceedings in anticipation of responding to ongoing or expected litigation.

(3) The attorney must coordinate with any other United States Attorney's Office or Department component that has agreed to handle the direct appeal or a post-conviction proceeding.

(4) The attorney should maintain up-to-date contact information for the family members of the victim(s).

(5) If the attorney cannot fulfill these duties, the United States Attorney's Office must designate a new point-of-contact.

   B. <u>Notification.</u> If a motion for collateral relief is filed in the district where the inmate is confined, the United States Attorney's Office in the district of confinement shall promptly notify the Capital Case Section and the United States Attorney's Office in the district of conviction. The United States Attorney's Office in the district of confinement shall assist the office handling the case in admitting one or more Special Assistant United States Attorneys in the district of confinement.

   C. <u>Database.</u> The Capital Case Section shall create, maintain, and keep up-to-date a database for tracking the handling, status, and progress of capital cases that are on direct appeal or post-conviction review, which shall be accessible to the United States Attorneys' Offices, the Office of the Deputy Attorney General, and other Department components that may be responsible for litigating capital cases. In each case, the handling office shall be responsible for notifying the Capital Case Section of any developments that may affect the timely resolution of the case, including the filing of briefs, dispositive motions, extension or abeyance requests, and judicial rulings. The Capital Case Section shall coordinate with the prosecuting office about the proper notification of victims as to developments in the case.

(1) The office handling a case must immediately notify the Capital Case Section when a court issues a stay or preliminary injunction, holds a case in abeyance, authorizes the filing of a successive motion for collateral relief under 28 U.S.C. § 2255, grants a certificate of appealability, or grants any form of relief from the sentence(s) of death or the conviction(s) thereof.

   D. <u>Consultations.</u> In carrying out the duties described herein, including when making recommendations or providing updates to the Office of the Deputy Attorney General or the Office of the Attorney General, the Capital Case Section shall, as appropriate, consult with the relevant United States Attorney's Offices, the Criminal Division's Appellate Section, the National Security Division's Appellate Unit (for all national security-related cases), the Office of the Solicitor General, and the Office of the Pardon Attorney.

   E. <u>Defense requests for judicial relief following conviction and sentence.</u>

A United States Attorney or Assistant Attorney General may not consent to judicial relief from a death sentence or underlying conviction in a capital case unless directed to do so by the Attorney General. Until such a decision is made, the United States Attorney or Assistant Attorney General should proceed with the case as initially directed by the Attorney General.

After a defendant has been convicted and the district court has pronounced a sentence of death, any request by a defendant that the Department consent to judicial relief from a conviction or death sentence shall be governed by the following procedures.

*Standards governing requests for consent to judicial relief*

If a defendant seeks the Department's consent to judicial relief to set aside a death sentence or underlying conviction, he or she must submit that request in writing to the United States Attorney or Assistant Attorney General responsible for the prosecution. The defendant's request must identify materially changed facts or circumstances or new material evidence that would support a

finding of legal error, cognizable on direct appeal or in post-conviction proceedings, sufficient to substantially undermine the government's confidence in the defendant's conviction or death sentence under governing law. A defense request for consent to relief is not an appropriate way to seek reconsideration of the original discretionary decision to seek or authorize the death penalty. Ordinarily, the Department will disfavor successive requests for consent to judicial relief from a death sentence or underlying conviction.

*Capital Case Section review of requests*

If a United States Attorney or Assistant Attorney General concurs in a defense request for consent to judicial relief, the United States Attorney or Assistant Attorney General shall submit the request to the Capital Review Committee through the Criminal Division's Capital Case Section along with a memorandum setting forth the basis for his or her recommendation.

If the United States Attorney or Assistant Attorney General does not concur in a defense request for consent to judicial relief, the United States Attorney or Assistant Attorney General shall submit the request, along with a memorandum setting forth his or her recommendation, to the Capital Case Section. If the Capital Case Section, in consultation with the Criminal Division's Appellate Section and other relevant Department components, determines that the standard governing defense requests for relief is satisfied or that there is sufficient uncertainty concerning whether the standard governing defense requests for consent to judicial relief is satisfied, it will prepare a brief memorandum explaining its reasoning and forward the request and all relevant memoranda to the Capital Review Committee for review. Otherwise, the defense request will be denied, and defense counsel will be so notified.

*Capital Review Committee review of requests*

Before a defense request for consent to judicial relief is submitted to the Capital Review Committee, the United States Attorney or Assistant Attorney General will confer with the victim's family concerning the request and the Department will consider the views expressed prior to making a final decision on the request.

When a request is submitted to the Capital Review Committee, the Committee should, to the extent possible, be comprised of the same individuals who originally considered the case.

If the United States Attorney or Assistant Attorney General concurs in a defense request for consent to judicial relief, the Capital Review Committee will forward the request and the Committee's recommendation to the Attorney General, through the Deputy Attorney General.

If the United States Attorney or Assistant Attorney General opposes a defense request, the Capital Review Committee will forward the request and the Committee's recommendation to the Attorney General, through the Deputy Attorney General, only if one (or more) members of the Committee conclude that the request meets the relevant standard for relief. If no members of the Committee conclude that a defense request meets the relevant standard for relief, the request will be denied, and defense counsel will be so notified.

*Attorney General decision*

Upon receiving a recommendation from the Capital Review Committee, through the Deputy Attorney General, the Attorney General shall make the final decision on whether to consent to judicial relief from a death sentence or underlying conviction.

*Confidentiality*

The consideration of requests submitted under this subsection shall be subject to the confidentiality provisions set forth in Section 9-10.050.

*Adverse decisions*

This subsection does not apply to the Department's decision whether to seek further review of an adverse judicial decision in a capital case. The procedures relevant to adverse decisions are set forth in Section 9-2.170.

F.  <u>Defense applications for Presidential pardon or commutation following conviction and sentence.</u>

A defendant who has been convicted of a capital offense and sentenced to death may, at any time after his conviction and sentence becomes final and his opportunity to obtain post-conviction relief on a first motion under 28 U.S.C. § 2255 has been exhausted, apply for a Presidential pardon or commutation of the death sentence. The application shall be filed with the Office of the Pardon Attorney as set forth in Section 9-140.000.

In addition to the standards for considering pardon and commutation applications set forth in Sections 9-140.112 and 9-140.113, a

defendant seeking relief from a death sentence by pardon or commutation may raise any legal or factual issues that the defendant believes relevant to the Department's consideration of that request, including issues previously addressed in litigation. The provisions governing defense requests for consent to judicial relief set forth in subsection (E) of this section do not apply to applications for Presidential pardons or commutations.

G.  Requests for relief initiated by a United States Attorney or Assistant Attorney General.

A Department attorney responsible for the litigation of a capital case who believes that facts or circumstances related to that case may warrant relief as described in subsections (E) or (F) of this section may, at any time, recommend to the United States Attorney or Assistant Attorney General responsible for the prosecution that the Department should support such relief.

If the United States Attorney or Assistant Attorney General concurs in a Department attorney's recommendation that the Department should consent to judicial relief in a capital case, the United States Attorney or Assistant Attorney General shall submit that recommendation to the Capital Review Committee through the Criminal Division's Capital Case Section. The recommendation shall thereafter be handled in the same manner as a defense request under subsection (E) where the United States Attorney or Assistant Attorney General concurs in the request.

If the United States Attorney or Assistant Attorney General concurs in a Department attorney's recommendation that the Department should support a pardon or commutation in a capital case, the United States Attorney or Assistant Attorney General shall submit that recommendation to the Capital Case Section. The Capital Case Section shall forward that recommendation, along with its own recommendation, to the Office of the Pardon Attorney. Those recommendations shall thereafter be handled in the same manner as a defense request under subsection (F).

A government-initiated request for relief under this subsection shall not preclude a defendant from filing a request under subsections (E) or (F).

H.  Requests for Stay of Execution.

A defendant may request that the Department acquiesce to a stay of execution, or agree not to schedule an execution, while administrative proceedings described in subsections (E) or (F) remain pending. Such requests shall be handled using the same process as defense requests for judicial relief described in subsection (E).

[updated January 2023]

## 9-10.200 - Post-Exhaustion Procedures

Once the defendant has exhausted his direct appeal, the government has successfully defended the judgment against the defendant's first motion for collateral relief under 28 U.S.C. § 2255, and all pending requests for judicial relief have been finally adjudicated, through the Supreme Court's initial rejection of certiorari or the merits of any defense-initiated appeal, the following should occur:

A.  The Capital Case Section should notify the United States Attorney's Office in the district of conviction, the Office of the Pardon Attorney, and the Federal Bureau of Prisons.

B.  The Capital Case Section should provide the Office of the Pardon Attorney with any relevant departmental memoranda and case materials.

C.  The Office of the Pardon Attorney may request from the United States Attorney's Office certain case materials relevant to the defendant's expected clemency application.

[updated January 2023]

## 9-10.210 - Execution Scheduling

The Federal Bureau of Prisons may, in consultation with the Office of the Deputy Attorney General and the Office of the Attorney General, schedule the defendant's execution only after the defendant has exhausted his direct appeal and any available post-conviction remedies. Before the Bureau of Prisons schedules an execution, the Capital Case Section should consult with, among other Department components, the United States Attorney's Office in the district of conviction and the Office of the Pardon Attorney. Moreover, the United States Attorney's Office shall consult with the family members of the victim(s). The Capital Case Section and the United States Attorney's Office shall convey all relevant information to the Office of the Deputy Attorney General and the Office of the Attorney General.

After an execution date is scheduled, the U.S. Attorney's Office or Department component handling post-conviction litigation in the case shall promptly notify the inmate, the inmate's counsel, and the victim's family, and shall also promptly file a notice in the court in which the inmate was convicted, and in any other court in which litigation may have taken place, informing the court or courts that the Director of the Federal Bureau of Prisons, upon the direction of the Attorney General, has scheduled the execution of the named inmate, in accordance with 28 C.F.R. Part 26, for the scheduled date. No execution shall take place until all legal and operational impediments to the execution have been cleared. A defendant may also request, through a submission to the Attorney General, that the Department agree not to schedule an execution, based upon changed facts, science, or circumstances, or new evidence, that would support a finding of the defendant's actual innocence or ineligibility for execution.

[updated January 2023]

## 9-10.220 - Forms and Procedures

The Assistant Attorney General for the Criminal Division, the Deputy Attorney General, and the Attorney General may promulgate forms and procedures to implement the provisions of this Chapter. The United States Attorney or Assistant Attorney General should contact the Capital Case Section to discuss the applicable procedures and obtain the appropriate forms.

[renumbered from 9-10.190 December 2020]

## 9-10.230 - Exceptions for the Proper Administration of Justice

To ensure the proper administration of justice in an appropriate case, the Attorney General may authorize exceptions to the provisions of this Chapter.

[renumbered from 9-10.200 December 2020]

[9-8.000 - Principles of Federal Juvenile Prosecution](#)     [9-11.000 - Grand Jury](#)

---



**U.S. Department of Justice**
950 Pennsylvania Avenue NW
Washington DC 20530

**Contact the Department**
Phone: 202-514-2000
TTY/TDD: 800-877-8339