

United States Department of Justice

**ADAM F. SLEEPER**
*United States Attorney*
*District of Virgin Islands*

*Main Office:*

Ron de Lugo Federal Building & United States Courthouse
5500 Veterans Drive, Suite 260
St. Thomas, VI 00802-6214
Phone: (340) 774-5757

*Branch Office:*

Alexander Hamilton House Building
1108 King Street, Suite 201 Christiansted
St. Croix, VI 00820-5080
Phone: (340) 773-3920

November 20, 2025

Matthew Campbell, Federal Public Defender
Office of the Federal Public Defender
1336 Beltjen Road, Suite 202
St. Thomas, U.S. Virgin Islands 00802

Re:   Discovery:  <u>United States v. Rosniel Diaz-Bautista</u>, Criminal No. 2024-20

Dear Attorney Campbell:

This letter serves as a request to meet and/or confer pursuant to Federal Rules of Criminal Procedure 16.1 to schedule discovery production of your four additional discovery requests dated September 4, 2025 (2), September 30, 2025, and October 10, 2025. Please advise me when you are available to discuss these important matters.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Local Rules of Criminal Procedure, the United States responds to the foregoing discovery requests as follows:

1. **Discovery Request (consisting of 68 items) - September 4, 2025**

This Discovery request appears identical to the discovery request defendant submitted to the government on December 4, 2024, consisting of 68 items and a total of 11 pages. The Government produced discovery in response to the request by early 2025, and receipt was acknowledged. The discovery log, which was previously provided and attached as Exhibit A details the bate stamped productions 1-567 in response to this discovery request.

2. **Discovery Request (Brady and Rule 5(f) information)-September 4, 2025**

The United States recognizes its continuing duty of disclosure and discovery as set forth in Rule 5(f) of the Federal Rules of Criminal Procedure under *Brady* and its obligations under *Giglio*.  Such information if in existence will be provided at or before the time required by law, and closer to the trial date.

3. **Discovery Request dated September 30, 2025**

In your letter dated September 30, 2025, you request discovery related to the Department of Justice's internal decision-making process. Your discovery request is not relevant and falls outside the scope of Rule 16, the Jencks Act, and *Giglio v. United States*. Therefore, the Government will not admit to or stipulate to any of the requested items, nor will the Government turn over any of the requested documents or communications outlined in the request. The Justice Manual provides internal guidance to DOJ employees. It does not confer any rights, substantive or procedural, enforceable at law by any

**Exhibit D**

Bautista Discovery Request-Response
Page 2

party in any matter, civil or criminal. *See* J.M. § 1-1.200. Additionally, the materials you seek are privileged and shielded from disclosure.

Finally, the Justice Manual outlines a procedure by which a defendant can request that the Attorney General withdraw a notice of intent to seek the death penalty. *See* J.M. § 9-10.160(B). You are invited to submit a request if you would like.

4. **Discovery Request dated October 10, 2025**

In response to your discovery requests dated October 10, 2025, the Government responds as follows:

a. Items 2, 5, 6 and 7 and 8 have been produced and bate stamped. See production log and accompanying produced documents.
b. Items 1, 3 and 4 – the existence of these items are actively being researched and verified and will be provided upon receipt from the VIPD.
c. Object to production of item 9, including but not limited to Federal Rules of Evidence 401, 402 and Federal Rules of Criminal Procedure Rule 16.

The government hereby requests that the defendant furnish reciprocal discovery to the United States, including the opportunity to photocopy and inspect any documents and tangible objects and laboratory reports which the defendant intends to use at trial. Moreover, the government requests notice of any alibi defense, pursuant to Fed. R. Crim. P. 12.1, notice of an insanity defense or expert evidence relating to a mental disease or defect or other mental condition, pursuant to Fed. R. Crim. P. 12.2, and notice of any public-authority defense, pursuant to Fed. R. Crim. P. 12.3.

Finally, the government recognizes that its duty of disclosure and discovery as set forth in the Federal Rules of Criminal Procedure is a continuing one. This duty also applies to the defendant.

Very truly yours,

ADAM F. SLEEPER
UNITED STATES ATTORNEY

By:   *s/ Denise N. George*
      Denise N. George
      Assistant U.S. Attorney

      *s/ Duane Ramseur*
      Duane Ramseur
      Trial Attorney
      Department of Justice
      Capital Case Section

Enclosure (1)