**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF SAINT CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 1:24-20** |
| **ROSNIEL DIAZ-BAUTISTA,** | **:** | **(JUDGE MANNION)** |
| **Defendant.** | **:** | |

# MEMORANDUM

Pending before the Court is Rosniel Diaz-Bautista's ("Defendant") "motion for disclosure of jury records." (**Doc. 223**). For the reasons stated herein, the motion will be **GRANTED IN PART**.

## I. BACKGROUND

On August 19, 2026, a federal grand jury sitting in the District of the Virgin Islands returned a superseding indictment charging Defendant with: (1) use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. §924(j)(1), which is a death-penalty-eligible offense; (2) discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(C)(1)(a); and (3) first degree murder, in violation of 14 V.I.C. §§921, 922(a)(1), and 923. (Doc. 64). The charges arise from an incident which occurred in the early morning hours of September 8, 2024, wherein the Government alleges that Defendant gunned down Indierra Morales

("Decedent") as she sat in her black Acura parked in front of Alba's Bar and Restaurant in Frederiksted. (Doc. 1).

Defendant filed the instant motion on July 24, 2026. (Doc. 223). The Government filed its brief in opposition on August 18, 2026. (Doc. 230). Defendant filed his reply to the Government's response on August 25, 2026. (Doc. 231). This motion is now ripe for review.

## II. LEGAL FRAMEWORK

Pursuant to the Sixth Amendment, a criminal defendant is entitled to a trial by an "impartial" jury. *See* U.S. CONST. amend. VI. "One important step in furthering impartiality is to draw jurors from diverse segments of the population." *United States v. Savage,* 970 F.3d 217, 252 (3d Cir. 2020) (citing *Holland v. Illinois*, 493 U.S. 474, 480 (1990)). The Jury Selection and Service Act ("JSSA") of 1968 provides that federal juries are to be "selected at random from a fair cross section of the community." 28 U.S.C. §1861. "Federal district courts are tasked with creating jury-selection plans consistent with this fair-cross-section principle." *Savage*, 970 F.3d at 252 (citing 28 U.S.C. §1863(a)). These plans generally draw potential jurors from voter registration lists or "lists of actual voters," but they also must identify

other sources "where necessary to foster the policy and protect the rights secured by" the fair-cross-section principle. *Savage*, 970 F.3d at 252 (quoting 28 U.S.C. §1863(b)(2)).

The United States District Court for the District of the Virgin Islands draws its potential jurors from general election voter registration lists and the Virgin Islands Motor Vehicle Bureau ("MVB") lists of licensed motor vehicle operators. *See* Dist. Ct. of the Virgin Islands, Juror Selection Plan, at 2 (Feb. 20, 2019); *see also* (Doc. 224-2). The Court has found that these lists "represent a fair cross section of the community in the territory and each of its judicial divisions[.]" *Id.*

The Juror Selection Plan for the District of the Virgin Islands states that "[n]ames drawn from the qualified jury wheel for grand jury shall not be made public." Dist. Ct. of the Virgin Islands, Juror Selection Plan, at 7 (Feb. 20, 2019); *see also* (Doc. 224-2). Additionally, "[a] request for public disclosure of names of petit jurors shall be made in writing to the Judge to whom the case is assigned. The Clerk shall not publicly release the names of the petit jury venire persons or jurors unless specifically ordered to do so by the assigned Judge." *Id.*

## III. DISCUSSION

Defendant requests access to various records with respect to the grand and petit (trial) juries involved in this case. (Doc. 224 at 7-9). 28 U.S.C. §1867 states that:

> (a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

28 U.S.C. §1867(a). Moreover,

> (f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such

> records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

28 U.S.C. §1867(f). When a defendant files a §1867(a) motion, the defendant:

> [M]ust show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). Here, Defendant is "currently investigating whether grounds exist to challenge this Court's jury selection system under the Fifth, Sixth, or Eighth Amendments, or under the JSSA." (Doc. 224 at 2). Accordingly, Defendant seeks to inspect information which is, according to Defendant, "routinely provided to defendants seeking to present such claims." *Id.* at 1.

Defendant requests the following records for the grand and trial juries in this case:

a. The Jury Plan for the District Court of the Virgin Islands currently in effect and, if different in any respect, at the time [grand/trial] jurors [were/will be] summoned in this case.

b. A description of work done, contact information, and communications with any vendors or agencies in the creation of the Master and Qualified Jury Wheels [used/will be used] to summon [grand/trial] jurors in this case, as described in the Jury Plan Section D, including the detailed instructions provided by the court and any affidavit or similar certification provided by independent vendors or agencies.

c. A confirmation that the [grand/trial] jury in this case [was/will be] selected from the entire District or, if not, a description of the basis and selection for the [grand/trial] jury in this case.

d. Any AO-12 form created that relates to the Master Jury Wheel and Qualified Jury Wheel that [were/will be] used to summon the [grand/trial] jurors . . . in this case as required by 28 U.S.C. § 1863(a) and any AO-12 form created in the last 5 years.

e. Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel

and Qualified Jury Wheel that [were/will be] used to summon [grand/trial] jurors in this case with the Jury Plan (especially Sections C and E), the Jury Selection and Service Act, and constitutional requirements.

f. The date when the Master Jury Wheel that [was/will be] used to summon [grand/trial] jurors in this case was refilled as described in the Jury Plan Section F.

g. The calculation of the proportional representation of each district within the division in the Master Jury Wheel described in the Jury Plan Section E used in the grand jury or . . . [trial jury] in this case.

h. The procedures implemented related to prospective jurors who did not respond to a juror [qualification form/summons] or had their juror [qualification form /summons] returned from the Postal Service as undeliverable, as described in the Jury Plan Section G.

i. The procedures implemented related to prospective jurors who did not respond to a summons or had their summons returned from the Postal Service as undeliverable, as described in the Jury Plan Section K.

j. The date or dates when [grand/trial] jurors [were/will be] summoned in this case.

k. The number of persons summoned from the Qualified Jury Wheel to be considered as [grand/trial] jurors in this case.

l. The Master Jury Wheel data as described in the Jury Plan Section F in electronic and accessible form that includes Juror or Participant Number, Name, Address including Zip Code, Race, Gender, Hispanic Ethnicity, Date of Birth, District (St. Croix, St. Thomas, St. John), and Jury Division for the Master Jury Wheel that [was/will be] used for the grand jury or [trial jury] in this case.

m. The Qualified Jury Wheel data as described in the Jury Plan Section J in electronic and accessible form that includes Juror or Participant Number, Name, Address including Zip Code, Race, Gender, Hispanic Ethnicity, Date of Birth, District (St. Croix, St. Thomas, St. John), Jury Division, and Status Code (returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan Section H) for the Qualified Jury Wheel that [was/will be] used for the grand jury or [trial jury] in this case.

n. The Juror or Participant Number for persons selected as potential [grand/trial] jurors in this case.

o. The source of data (voter registration lists, licensed motor vehicle operators) in electronic form for the Master Jury Wheel

> used to summon [grand/trial] jurors in this case as described in the Jury Plan Section E. The data should include, as available, Name, Address including Zip Code, Race, Gender, Hispanic Ethnicity, Date of Birth, District (St. Croix, St. Thomas, St. John), and Jury Division.
>
> p. The juror qualification and summons forms for persons summoned to potentially become [grand/trial] jurors in this case.
>
> q. The disposition of each summoned potential [grand/trial] juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan Section H.

(Doc. 224 at 7-10).

In support of the motion, Defendant attaches a declaration from a consultant, Jeffrey Martin, stating that:

> The data requested in both attachments for items l through m includes personal information. This personal information is required to evaluate whether the process used to construct the master wheel for the grand jury and the trial jury effectively eliminated duplication, i.e., the appearance of the same individual more than once because, for example, he or she is both a registered voter and a licensed driver.

(Doc. 224-1 at 1). However, the Government challenges Defendant's request for the addresses and other personally identifying information of the jurors, stating that it exceeds the scope of that which he is entitled to obtain. (Doc. 230 at 1).

In *United States v. Test,* the Supreme Court stated that §1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists" and "grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." 420 U.S. 28, 29–30 (1975). However, the right to inspect jury selection records, although "unqualified," is not unlimited. *U.S. v. Savage*, 2012 WL 4616099, at *5. "The benefits of disclosing the lists containing confidential information do not outweigh the risks and burdens associated with disclosure." *Id.* at *6. Indeed:

> "[t]he [Jury Selection and Service Act, 28 U.S.C. §§1861 *et seq.*] is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Rice*, 489 F. Supp. 2d 1312, 1316 (S.D.Ala. 2007). Rather, "[t]he right to inspection extends to all jury selection materials relevant to a complete determination of whether a grand or petit jury has in fact been selected at . . . random from

> a fair cross-section of the community." *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984).

*United States v. Rock*, 2:21-CR-358-CCW-4, 2022 WL 2317172, at *4 (W.D.Pa. June 28, 2022).

The Court first addresses Defendant's request for grand jury information. It is a fundamental tenet of the grand jury process that "the proper functioning of the grand jury system depends on the secrecy of the grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops NW*, 441 U.S. 211, 218 (1979); *see also* Fed.R.Crim.P. 6(e). When a defendant requests disclosure of grand jury matters, the Court may authorize disclosure "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." *United States v. Fields*, 15-CR-129, 2016 WL 1428113, at *11 (E.D.Pa. Apr. 12, 2016) (quoting Fed.R.Crim.P. 6(e)(3)(E)(ii)). That rule, however, "require[s] a showing of a particularized need or compelling necessity." *Id.* (quoting *Smith v. United States*, 423 U.S. 1303, 1304 (1975)). Defendants seeking to overcome the rule of secrecy "must show that the [need for] the material they

seek . . . is greater than the need for continued secrecy." *Douglas Oil Co. of Cal*, 441 U.S. at 222.

"[A]lthough criminal defendants generally have the right to inspect jury selection records under 28 U.S.C. §1867(f), they are not normally entitled to the names of the members of the grand juries that indicted them." *In re Grand Jury Investigation*, 903 F.2d 180, 181-82 (3d Cir.). "Obviously, the disclosure of the names and addresses of the grand jurors could facilitate intimidation of or retaliation against those grand jurors." *Id.*; *see also United States v. Gotti (Gotti II)*, No. 02-743, 2004 WL 2274712, at *6 (S.D.N.Y. Oct. 6, 2004) (noting that a defendant "is not entitled to unencumbered access to juror information, and given the concerns about juror safety . . . he will not have it[.]"). The Court declines to contravene the "long-established policy that maintains the secrecy of the grand jury proceedings in federal courts." *Fields*, 2016 WL 1428113, at *12 (citations omitted). Accordingly, to the extent Defendant seeks the names or other personal identifying information of the grand jury, the motion will be denied with prejudice. *Rock*, 2022 WL 2317172 at *4.

Additionally, Defendant seeks boilerplate discovery without showing a particularized need for the grand jury materials he requests. Indeed, Defendant concedes that the purpose for his motion is to "research and file a motion pursuant to [JSSA §1861-1878.]" (Doc. 223 at 1). Effectively, Defendant admits that he seeks to engage in a fishing expedition. *Fields*, 2016 WL 1428113, at *11 (citing *United States v. Loc Tien Nguyen*, 314 F.Supp. 2d 612, 616 (E.D.Va. 2004) ("[Rule 6(e)(3)(E)(ii)] is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse[.]")). Defendant does not allege that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," nor that the need for the materials "is greater than the need for continued secrecy[.]" *See Fields*, 2016 WL 1428113, at *11; *Douglas Oil Co. of Cal*, 441 U.S. at 222. To that end, Defendant's motion will be denied without prejudice.

However, in light of Defendant's "unqualified—but not unlimited—right to inspect jury selection materials . . . as may be necessary in the preparation or presentation under subsection (a), (b), or (c) of [§1867,]" Defendant's motion will be granted in part. *Rock*, 2022 WL 2317172 at *4 (internal

citations omitted). The Court will order limited disclosure of statistical information regarding the grand jury's composition, the plan of random jury selection, and the grand jury pool report relevant to Defendant's superseding indictment. *Id.*; *see also Savage*, 2012 WL 4616099, at *6 (ordering disclosure of the plan of the random selection of grand jurors, and statistical breakdowns by race and ethnicity).

Turning to Defendant's request for trial jury materials, the Court finds that the request is premature. The trial date is not scheduled, so the requested information has no relevance at this time. Even to the extent Defendant requests procedural information to which he would normally be entitled under *Test*, 420 U.S. at 29, such information is subject to change before it becomes relevant to Defendant. Thus, to the extent Defendant's motion requests trial jury materials, it will be denied without prejudice.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's motion will be **DENIED WITH PREJUDICE** to the extent it requests personally identifying information as to the members of the grand jury. The motion will be **DENIED WITHOUT PREJUDICE** to the extent it requests boilerplate discovery

regarding the grand jury, or premature discovery related to the trial jury. Finally, the motion will be otherwise **GRANTED IN PART**, such that the Court will order limited disclosure of information regarding the composition of the grand jury. An appropriate order follows.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 7, 2026**
24-20-04